## SOUTHERN RAILWAY COMPANY *v.* O'BRYAN.

112  127
s115 660
112  127
116  722
112  127
s119 148

1. In an action against a railroad company, where several different elements of damage are claimed, it is error requiring the granting of a new trial for the judge to fail in his charge to the jury to give them any rule for estimating the damages claimed; and this is true notwithstanding no written request for such charge is made by the defendant.

2. When in the trial of a suit against a railroad company by a passenger, for damages on account of having been carried beyond his destination, it appeared from uncontradicted evidence that the passenger had paid to the conductor his fare to a named point, it was error to charge the jury, in effect, that it was a question for them to determine whether it was negligence for the conductor to fail to ask the passenger at what station he desired to stop, and to pass that station without making such inquiry.

3. In the trial of an action for damages by a passenger for being compelled to ride in a car occupied by disorderly passengers, evidence that the conductor in charge of the train had, prior to the time that the plaintiff became a passenger, made efforts to suppress the disorder, was irrelevant, when the question to be determined was whether such conductor was diligent in the suppression of disorder which arose after the plaintiff became a passenger.

4. When a petition in a suit by a passenger against a railroad company sets forth a complete cause of action for a failure to provide for the comfort of and to properly protect such passenger, allegations of other conduct on the part of the employees in charge of the train, amounting to a similar failure of duty on the same trip, may be properly alleged as matter of aggravation. A recovery may be had on account of such matters of aggravation, notwithstanding it appears at the trial that the conduct of the employees relating to such matters occurred in a county other than that in which the suit on the main cause of action was brought.

Argued October 4, — Decided October 31, 1900.

Action for damages. Before Judge Reece. City court of Floyd county. February 23, 1900.

*Shumate & Maddox*, for plaintiff in error. .
*W. S. McHenry* and *Fouché & Fouché*, contra.

COBB, J. Mrs. O'Bryan brought suit against the railway company, claiming that she had sustained damage on account of having been negligently carried beyond the station to which she had paid her fare; that she had been compelled to ride in a coach filled with riotous and drunken soldiers; and that, in being taken from the

car containing these disorderly passengers and being transferred to a returning train, she was for an unnecessary length of time negligently exposed to the weather upon the platform of the car. At the trial the evidence was conflicting on all of the material issues in the case. The jury returned a verdict in favor of the plaintiff for $400, and a motion for a new trial filed by the defendant having been overruled, it excepted.

1. One of the assignments of error in the motion for a new trial is based upon the failure of the judge to give the jury any rules for computing the damages. After a careful reading of the entire charge, we have reached the conclusion that the criticism thus made upon the charge is well founded. In the beginning of the charge the judge tells the jury that there are two questions for them to decide: Is the plaintiff entitled to recover? And, if so, "how much?" In another part he instructs them that under certain circumstances the plaintiff "would be entitled to nominal damages." In still another part of the charge he instructed them that if they resolved certain questions of negligence in favor of the plaintiff, she might recover "for whatever injury or damage she suffered"; and stated to them that they were "the judges as to the question of damages," and it was for them "to say what the damages in this case should be, if any." Except as above stated, the charge of the judge does not refer to the question of damages. No rule is given to the jury for determining the amount of damages to be assessed in favor of the plaintiff if they should find in her favor on the question of liability. Damages were claimed by the plaintiff on account of having been negligently carried beyond her station, on account of having been subjected to the mortification and humiliation and fear growing out of the presence of riotous and disorderly passengers, on account of sickness produced by exposure to the weather, which disabled her from work, and on account of the great mental and bodily suffering resulting therefrom. With all of these elements of damage alleged in the declaration and the evidence tending to support the same, the failure on the part of the judge to give in charge to the jury the familiar rules laid down in the law for their guidance in such cases was, in a case like the present, such an error as required the granting of a new trial, notwithstanding there was no request on the part of the defendant to charge on the subject.

2. Error is assigned upon the following charge of the court: "It is for you, gentlemen, to say what is negligence in this case, whether it was negligence for the conductor to fail to ask the plaintiff what station she wanted to stop at, and to pass that station without making such inquiry of plaintiff." This charge is subject to the objection that it assumes as a fact, which was disputed, that the conductor did not ask the plaintiff at what station she wanted to stop, and that he passed the station in question without making such inquiry. But the more serious objection is that it is not appropriate to the facts in evidence, it appearing that the plaintiff had paid her fare to the station which was her destination; and this being true, the conductor was under no duty whatever to return to her and inquire at what station she wished to alight. See, in this connection, *Central Railway Company* v. *Dorsey*, 106 *Ga.* 826.

3. The defendant offered to prove by its conductor that there were soldiers on the train before it reached the station at which the plaintiff desired to alight, and that in an effort to preserve order the conductor had ejected one of the soldiers from the train, which had a good effect upon the rest of them. The court refused to admit this evidence, upon the ground that there was nothing alleged in the declaration in reference to the misconduct of the soldiers before the train reached the station at which the plaintiff desired to stop. The defendant contends that this evidence was admissible as a circumstance to show diligence on the part of the conductor in preserving order on that particular train and trip. It did not distinctly appear that this disorderly soldier was ejected from the train after the plaintiff entered the car. It is rather to be inferred that this transaction took place before the train reached the station at which the plaintiff became a passenger. We do not think there was any error in ruling out this evidence. The question to be determined in the present case was whether the conductor was diligent in the preservation of order upon the train after the plaintiff became a passenger thereon; and the fact, if it be a fact, that the conductor exercised all of the diligence required by law prior to the time that the plaintiff became a passenger would not only not avail the defendant if it was negligent after that time, but would throw very little, if any, light upon the question as to what was its conduct at the time when its actions were a material subject of inquiry.

4. The point at which the plaintiff entered the train, as well as

the station at which she desired to stop, was situated in Floyd county. The place at which the plaintiff claims to have been negligently exposed to the weather in leaving one train and entering the other was located in Whitfield county. The defendant contends that under this state of facts the plaintiff had two separate and distinct causes of action: first, for carrying her beyond her destination in Floyd county, and, second, for exposure to the weather in Whitfield county; and that, this being true, the city court of Floyd county had no jurisdiction of the latter cause of action, and it was the duty of the judge to have instructed the jury not to include in their verdict any damages for what occurred in Whitfield county. On the other hand, the plaintiff contends that the action was for a tort committed by the defendant in carrying the plaintiff beyond her destination in Floyd county, and that the occurrences on the train thereafter in Whitfield county "were but incidents of and an aggravation of the original tort, and entered into and became elements of damage recoverable by reason of her being carried beyond [her destination], and were not independent or new causes of action." After a careful examination of the petition, we are clear that it was the intention of the pleader to bring an action sounding in tort, and not one for a violation of the contract of carriage. It is not very clear from the petition whether the breach of duty in carrying her beyond her destination is her main cause of action and the injuries which she sustained by reason of the misconduct of the soldiers and the exposure to the weather are alleged merely as matters of inducement and aggravation of the main cause of action, or whether the last transactions constitute the main cause of action and the first is alleged simply as an aggravation. So far as the question of jurisdiction is concerned, it is not important which of the views above stated is correct. If the petition be construed as one complaining of the tort growing out of the breach of duty in carrying the plaintiff beyond her destination, and the allegations of the other matters are merely incidental to this main complaint and made solely for the purpose of aggravating the damages, the city court of Floyd county having jurisdiction of the main cause of action, the plaintiff would be entitled to recover therein whatever damages she sustained by reason of the matters of aggravation, notwithstanding some of the facts connected with the aggravating circumstances transpired without the limits of the county in which

the main transaction took place. If the petition be construed as one complaining of the tort committed in failing to provide for the comfort of and to protect the plaintiff while she was a passenger, there was evidence to authorize a finding that there was a complete cause of action on this ground in the county of Floyd. While there was evidence tending to show that such failure continued after the train had left this county, this would not preclude the plaintiff from setting up the same as matter of aggravation in the present case, if she so elected. Any other ruling than the one now made would impose a hardship upon those who have sustained damage growing out of the failure of railroad companies to protect them while passengers in their cars, as well as upon the railroad companies themselves. It would indeed be a hardship upon both for the rule to be that when a passenger had been damaged by the failure of a railroad company to properly protect him while on board of its cars, and this failure originated in one county and continued while the train was running through other counties, the transaction in each county constituted a separate and distinct cause of action; and that in order to recover for the whole damage, suit must be brought in each of the counties. It is not necessary to determine in the present case whether the injured party would have a right to bring suit in any of the counties which he might select, and use what occurred in the other counties as matter of aggravation; but it is certainly safe to hold, as is done in the present case, that he may bring suit in the county where the failure on the part of the railroad company to discharge its duty to the passenger originated, and use the transactions occurring in the other counties as mere matters of aggravation. A recovery in such a suit would unquestionably be a bar to any further action by the injured person in any of the other counties through which the train passed.

*Judgment reversed. All concurring, except Little, J., absent.*