SEABOARD AIR-LINE RAILWAY *v.* BISHOP.

1. There was sufficient evidence to authorize the verdict.
2. While the court's charge in regard to the measure of damages would have been more complete, satisfactory, and helpful to the jury if it had dealt with the subject more fully, the judgment of the court, overruling the motion for a new trial, will not be disturbed, it appearing that the charge contained the general rule as to the measure of damages and that there was no request to charge more fully on the subject.
3. Where it is complained that a certain charge is "not appropriate nor adjusted to the evidence in the case," and it appears from the record that there was evidence raising the question dealt with in the charge, the exception is without merit.

Submitted July 25, 1908.—Decided February 12, 1909.

Action for damages.  Before Judge Brand.  Clarke superior court.  January 31, 1908.

Bishop brought an action for damages against the Seaboard Air-Line Railway, and alleged substantially as follows:  He was in their employment as yard conductor or foreman of a switching crew, and had been for several months.  On the day he was injured, he was directed by his superior officer, the agent, to carry some loaded cars to a certain point, and have them placed on the side track.  This side-track was about one fourth of a mile from the depot.  The plaintiff, as conductor, was riding on top of the front car.  When the cars reached a curve at this point, and just about the time the front car struck the curve,

it was derailed, and turned over, and the plaintiff was thrown. from it, falling to the ground a considerable distance, and was. permanently injured. The acts of negligence complained of were,. that the defendant failed to keep its track at this point in a safe: condition; that the engineer was running the cars too fast, to wit eight or ten miles per hour, causing the same to jerk. Certain defects in the condition of the engine and cars were also. alleged. The defendant filed an answer, admitting that the: plaintiff was in its employment as conductor, and that he was in charge of a switching crew at the time and place alleged. It. also admitted that he was riding on top of one of the cars, but denied that his duties as such conductor required him to ride there. It further contended that if. the plaintiff sustained injuries as alleged in the petition, the same were due to his own. negligence, and not to any fault of defendant, or any of its agents. or employees, other than plaintiff himself.. The jury returned a. verdict in favor of the plaintiff, and upon the court's refusal to grant the defendant a new trial it excepted.

*Cobb & Erwin* and *Shackelford & Sha'kelford,* for plaintiff in error. *Arnold & Arnold* and *E. K. Lumpkin,* contra.

BECK, J. (After stating the foregoing facts.)

1. While the evidence introduced by the plaintiff to establish. the alleged fact of negligence upon the part of the defendant. company, as alleged in the petition in this case, is weak and in many respects unsatisfactory, it can not be said that, taking into consideration all the evidence and the deductions which the jury were authorized to make therefrom, the trial judge erred in the exercise of his discretion, when he refused to grant a new trial. on the ground that the verdict was contrary to the evidence and. without evidence to support it. Questions like that raised by the assignment of error in this ground of the motion must be left largely to the discretion of the judge who tried the case and heard the evidence; and when he is satisfied with the verdict, this court will not interfere, except in a very strong case calling for interference.

2. In the first ground of the amended motion error is assigned upon the following charge of the court: "The general rule of damages in a case like this is as follows: Damages are given as compensation for the injury done, and generally this is the-

measure where the injury is of a character capable of being es-
timated in money." It is insisted that this charge is erroneous,
in that no definite measure of damages is therein given, but that
the jury were left free to arbitrarily fix upon an amount of
damages, without being governed by any legal rule for determin-
ing the same. The charge is abstractly correct, and it is a state-
ment of a principle of law, embodied in §3905 of the Civil Code;
and the mere fact that the charge does not contain some other perti-
nent legal principle, which should be given in the course of the
court's instructions to the jury, did not render the giving of
the particular charge set forth in any way erroneous.

In a subsequent ground of the motion complaint is made of the
following charge of the court: "If, under these instructions
and under the evidence submitted to you, you think the defendant
is liable to the plaintiff, you should give him a verdict for such
an amount as will fairly and honestly compensate him for the
injury he has sustained." There was no error in the portion
of the charge last quoted. It was merely an application of the
general principle stated in the extract from the charge immediately
preceding it.

The seventh ground of the motion is based upon the failure
of the court "to give in charge to the jury any instructions
as to the legal measure of damages." Of course, this assignment
of error is to be construed as complaining of the failure on the
part of the court to give to the jury any instructions as to the
legal measure of damages, other than those general principles
embodied in the two excerpts above set forth. While the charge
would have been more satisfactory and, no doubt, more helpful
to the jury, if it had contained a somewhat more definite and
precise rule in regard to the measure of damages, we do not
think that, in the absence of a timely written request, the court's
failure to deal more elaborately with the subject of the measure
of damages should work a reversal in this case. It is not ap-
parent how a charge that limited the jury, in fixing the amount
of damages to be allowed, to such a sum as would compensate
the plaintiff for the injury sustained by him, could have been
hurtful to the defendant in the case. It would seem that if the
court had gone into a more elaborate charge, stating to the jury
that they might, in determining the amount of damages, take into

consideration the diminished earning capacity of the plaintiff, his loss of time, his pain and suffering, mental and physical, and had then added, as is usual and proper in charging upon this subject, that in passing upon the question as to the damages to be allowed for pain and suffering, there was no other measure than the enlightened consciences of impartial jurors, such a charge would have been less favorable to the defendant in the case than that actually given, and of which complaint is made. In the case of the *Central of Ga. Ry. Co.* v. *Hughes,* 127 *Ga.* 595 (56 S. E. 770), it appears, from an inspection of the record of file in this court, that no rule at all as to the measure of damages was given in charge to the jury. In that respect, the case at bar is radically different from the case last cited.

3. Error is also assigned upon the following charge: "Where one engaged in dangerous work is directed by his superior to perform a given act, he may without negligence obey such direction, if the danger incident thereto is not unusual nor the risk beyond that necessarily contemplated in his employment." It is not insisted in the ground of the motion, complaining of this charge, that it is not abstractly correct, but it is contended that the charge is "not appropriate nor adjusted to the evidence in the case." It would seem, however, that the court was fully authorized, under the evidence, to deal with the subject to which this charge refers, especially in view of the fact that the plaintiff had been directed, by one to whose orders he was subject in the matter of placing the cars, to take the car which was derailed upon the track where the derailment occurred, by which the plaintiff was injured, and there having been evidence introduced by the defendant company to show that the car might have been thrown from the track by coal which had been placed or allowed to accumulate on the track, and that the danger arising from the presence of the coal upon the track was one of which the plaintiff knew, or in the exercise of proper care and diligence should have known.

There were other minor inaccuracies in the charge complained of, but none of them were of a character grave enough to require discussion.

*Judgment affirmed. All the Justices concur.*