ATLANTA, BIRMINGHAM & ATLANTIC RAILROAD CO. *v.* BARNWELL.

ATKINSON, J. 1. The Atlanta, Birmingham & Atlantic Railroad Company, being the defendant in the trial court which lost its case, made a motion for a new trial, and it was overruled. A paper was tendered to the judge, and it was duly certified as a bill of exceptions. In the paper so tendered the Atlanta, Birmingham & Atlantic Railroad Company was named as plaintiff in error and as the party excepting. The paper was signed "Bolling Whitfield, Attorney for The Seaboard Air-Line Railroad Co.," the last-named company not being a party to the suit. The record discloses that among the counsel representing the defendant in the court below, in filing its pleas, trying the case, moving for a new trial, and making motions to continue, were "Crovatt & Whitfield."[1] *Held:* (*a*) The name of Crovatt & Whitfield imports a firm, and will be presumed to be such. (*b*) It will also be presumed that Bolling Whitfield, who signed the bill of exceptions, was the Whitfield of that firm. (*c*) Construing the bill of exceptions in the light of the record, the words above quoted following the signature of Bolling Whitfield are to be considered as having been entered by mere clerical error. (*d*) The statute requires that bills of exceptions shall be signed by the plaintiff in error or his attorney or counselor (Civil Code, § 6139). (*e*) In the light of the presumptions above mentioned, and in view of the record in the case, the bill of exceptions was amendable in the Supreme Court by striking the words "Attorney for the Seaboard Air-Line Railroad Co.," and inserting in lieu thereof the words "Attorney for the Atlanta, Birmingham & Atlantic Railroad Co."

2. The case differs from *O'Connor* v. *Friedman,* 117 *Ga.* 948 (43 S. E. 1001), *Sumner* v. *Sumner,* 116 *Ga.* 798 (43 S. E. 57), and other similar cases, in which there was no compliance with the statute in regard to signing a bill of exceptions, the papers in such cases purporting to be bills of exceptions not having been signed in fact by any one.

3. The admission of the opinion of a witness for the plaintiff as to the existence of a fact is not cause for a new trial on behalf of the defendant, where the latter introduces evidence sustaining the opinion of such witness.

4. There was evidence which authorized the jury to find the facts of the case to be, in effect, as follows: Plaintiff was an employee of the North American Dredging Company, and while engaged in work for that company he was injured by the negligent operation of an engine being run on the tracks of the Atlanta, Birmingham & Atlantic Railroad Company, the defendant, and at the time of his injuries the Brunswick Steamship· Company was operating the engine in its business, having hired the engine and its crew from the defendant company. *Held,* that the defendant company was liable to the plaintiff for his injuries, and the instructions of the court to this effect, and its rulings upon the admissibility of evidence in accordance with this principle, were not erroneous.

5. Damages were alleged on account of injury to the ·plaintiff by causing physical and mental suffering, permanent impairment of capacity to work, actual loss of time, and cost of medicine and physician's bills. There was evidence tending to prove these several elements of damage, but there was conflict as to the nature and extent of the injury, and as to no one or more of the elements mentioned was the evidence of such character as to demand a verdict for the amount returned by the jury, or for more. *Held,* that it was error requiring the grant of a new trial, even in the absence of a request, for the judge to omit to give in charge to the jury any rule for estimating the damages claimed. *Southern Ry. Co.* v. *O'Bryan,* 112 *Ga.* 127 (37 S. E. 161); 13 Cyc. 236 (b).

(*a*) The case differs on its facts from that of *Boswell* v. *Barnhart,* 96 *Ga.* 521 (23 S. E. 414); and the rule of harmless error will not apply.

*Judgment reversed. All the Justices concur.*

August 17, 1912.

. Action for damages. Before Judge Conyers. Glynn superior court. February 15, 1911.

*Bolling Whitfield,* for plaintiff in error.

*Max Isaac,* contra.