J. D. Blalock and Ryals & Anderson, contra.

---

MAYOR AND COUNCIL OF WASHINGTON v. HARRIS.

BECK, J.  1. The plaintiff brought suit against the defendant municipality for recovery of damages, alleging, that she was the owner of a lot of land within the corporate limits of the City of Washington, upon which she and her family resided, and that the municipality owned a lot ad-

joining hers, and upon this lot, within thirty feet of her lot, erected a power-plant for the generation of electricity with which it lighted streets and pumped water to the city water-mains, supplying electricity and water for a consideration to individuals, firms, and corporations; that by reason of the noise caused by the running of the machinery in the power-plant, "its steam exhausts, and the blowing of the whistle, and by reason of the vibrations occasioned by the running of its dynamos, engines, and other machinery," the value of her home and lot had been destroyed; that the power-plant was conducted by the defendant in such a way as to amount to a nuisance; that without necessity it blew the whistle three times daily, once at 6 o'clock in the morning, once at 12 o'clock, and once at 6 in the afternoon, "in long, ear-splitting blasts;" and that the vibrations made by said machinery caused the walls in her house "to shake and vibrate, and the vibrations and shaking of the floor and of the walls of her dwelling has made the same uninhabitable." *Held:* (*a*) The petition showed the creation of a nuisance and such damage to the petitioner as to give a right of action; and it was not error to overrule a general demurrer. *Bell* v. *Savannah,* 139 *Ga.* 298 (77 S. E. 165); *Swift* v. *Broyles,* 115 *Ga.* 885 (42 S. E. 277, 58 L. R. A. 390); *Ponder* v. *Quitman Ginnery,* 122 *Ga.* 29 (3), 31 (49 S. E. 746); *Hill* v. *McBurney Oil &c. Co.,* 112 *Ga.* 788 (38 S. E. 42, 52 L. R. A. 398).

(*b*) The defects in the original petition, pointed out by the special demurrer, were sufficiently cured by amendment.

2. In suits of this character it is essential that the court in its charge to the jury should give them instructions as to the measure of damages, and a failure to do so is ground for a new trial. The fact that counsel for the plaintiff and for the defendant argued the same rule to the jury as to the measure of damages did not cure the defect in the charge. *Atlanta, Birmingham & Atlantic R. Co.* v. *Barnwell,* 138 *Ga.* 569 (75 S. E. 645).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 16, 1915.

Action for damages. Before Judge Walker. Wilkes superior court. July 7, 1914.

*William Wynne* and *W. A. Slaton,* for plaintiff in error.

*J. M. Pitner,* contra.