## SEABOARD AIR-LINE RAILWAY *v.* BREWTON.

FISH, C. J. 1. Rule 2 adopted by the Supreme Court, as to the manner of taking cases from the Court of Appeals to the Supreme Court by writ of certiorari (146 *Ga.* 840), provides, among other things: " Notice of the date of the filing of the petition, together with a copy of the petition, and brief, if any, in the support of the same, shall be served on counsel for the respondent *within three days after such date.*" *Held,* that the petition for certiorari in this case is not subject to dismissal on the ground that the plaintiff in error " failed to serve defendant in error with any brief or argument, or copy of same, to be presented in said case, as required by said rule." Moreover, the petition itself fully set forth the grounds for certiorari and the authorities relied on to sustain them, and was duly served on the respondent.

2. In an action for damages based on personal injuries, where under the pleadings and the evidence there was an issue whether the injuries were permanent or temporary in character, and the judge instructed the jury relatively to the measure of damages applicable to a case where the injury was permanent, but omitted to give instruction as to the measure of damages that would be applicable if the injury were not permanent, such omission, even without proper request for charge, would be cause for reversal. *Central Railroad &c. Co.* v. *Dottenheim,* 92 *Ga.* 425 (17 S. E. 662); *Central of Ga. Ry. Co.* v. *Johnston,* 106 *Ga.* 130 (32 S. E. 78); *Southern Ry. Co.* v. *O'Bryan,* 112 *Ga.* 127 (37 S. E. 161); *Western & Atlantic R. Co.* v. *Smith,* 145 *Ga.* 276 (88 S. E. 983); *A., B. & A. R. Co.* v. *Barnwell,* 138 *Ga.* 569 (75 S. E. 645); *Western & Atlantic R. Co.* v. *Knight,* 142 *Ga.* 801 (83 S. E. 943); *Western & Atlantic R. Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933). In the first four of the cases just cited the motions for new trial expressly alleged that the damages were excessive, but the rulings made did not in any wise refer to that fact. In the last four cases, where similar rulings were made, the motions for new trial did not allege that the damages were excessive.

3. In *Central Railroad* v. *Harris,* 76 *Ga.* 501 (only two of the three Justices presiding), it was said: "No complaint of excessive damages is made, and therefore it is immaterial what measured them." This ruling has been followed and applied by the Court of Appeals in the following cases: *Gainesville Midland Ry.* v. *Jackson,* 1 *Ga. App.* 632 (57 S. E. 1007); *Gainesville & Northwestern R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (87 S. E. 1093). We do not concur in the correctness of the decision in 76 *Ga.* 501, and decline to follow it.

4. Applying the law as above announced, the Court of Appeals erred in affirming the judgment of the trial court refusing to grant the railroad company a new trial on the ground of failure to instruct the jury as to the measure of damages when not permanent.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent on account of sickness.*

No. 1481.  FEBRUARY 24, 1920.

Certiorari; from Court of Appeals.  23 *Ga. App.* 621.

*Anderson, Cann, Cann & Walsh,* for plaintiff in error.

*H. B. Strange* and *J. P. Dukes,* contra.