### 9971.  SEABOARD AIR-LINE RAILWAY v. BREWTON.

1. "In an action for damages based on personal injuries, where under the pleadings and the evidence there was an issue whether the injuries were permanent or temporary in character, and the judge instructed the jury relatively to the measure of damages applicable to a case where the injury was permanent, but omitted to give instructions as to the measure of damages that would be applicable if the injury were not permanent, such omission, even without proper request for charge, would be cause for reversal.  *Central Railroad &c. Co.* v. *Dottenheim*, 92 *Ga.* 425 (17 S. E. 662); *Central of Ga. Ry. Co.* v. *Johnston*, 106 *Ga.* 139 (32 S. E. 78); *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 127 (37 S. E. 161); *Western & Atlantic R. Co.* v. *Smith*, 145 *Ga.* 276 (88 S. E. 983); *A., B. & A. Ry. Co.* v. *Barnwell*, 138 *Ga.* 569 (75 S. E. 645); *Western & Atlantic R. Co.* v. *Knight*, 142 *Ga.* 801 (83 S. E. 943); *Western & Atlantic R. Co.* v. *Roberts*, 144 *Ga.* 250 (86 S. E. 933).  In the first four of the cases just cited the motions for new trial expressly alleged that the damages were excessive, but the rulings made did not in any wise refer to that fact.  In the last four cases, where similar rulings were made, the motions for new trial did not allege that the damages were excessive."

2. "In *Central Railroad* v. *Harris*, 76 *Ga.* 501 (only two of the three Justices presiding), it was said: 'No complaint of excessive damages is made, and therefore it is immaterial what measured them.'  This ruling has been followed and applied by the Court of Appeals in the following cases:  *Gainesville Midland Ry.* v. *Jackson*, 1 *Ga. App.* 632 (57 S. E. 1007); *Gainesville & Northwestern R. Co.* v. *Galloway*, 17 *Ga. App.* 702, 703 (5) (87 S. E. 1093).  We do not concur in the correctness of the decision in 76 *Ga.* 501, and decline to follow it."

3. "Applying the law as above announced, the Court of Appeals erred in affirming the judgment of the trial court refusing to grant the railroad company a new trial on the ground of failure to instruct the jury as to the measure of damages when not permanent."  150 *Ga.* 37  (102 S. E. 439).  See 23 *Ga. App.* 621.

DECIDED APRIL 13, 1920.

Action for damages; from Bryan superior court — Judge Sheppard.  June 15, 1918.

*Anderson, Cann, Cann & Walsh*, for plaintiff in error.

*H. B. Strange, J. P. Dukes*, contra.

LUKE, J.  A decision in this case was rendered by this court on April 19, 1919, and it was then held, under the rulings in *Central Railroad* v. *Harris, Gainesville Midland Ry.* v. *Jackson,* and *Gainesville & Northwestern R. Co.* v. *Galloway,* supra, that even if the court erred in instructing the jury as to the measure of damages, the error was immaterial, since there was no specific complaint by

the plaintiff in error that the verdict was excessive. The case was certioraried to the Supreme Court, which on February 24, 1920, reversed the judgment of this court (150 *Ga.* 37, 102 S. E. 439); and its decision is set forth in the preceding headnotes. That decision, in effect, overrules their decision in the *Harris* case, supra; and this court now, upon a review of the decisions in the *Jackson* and *Galloway* cases, supra, overrules them as regards the question now under consideration.

It is ordered that the former judgment of this court be vacated; and the judgment of the lower court is reversed on account of the error in the charge upon the question as to the measure of damages.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*