### BROWN *v.* WELLS.

HINES, J. This was an action of trespass in which the plaintiff sought to recover damages for past acts of trespass, and to enjoin the defendant from committing further acts of trespass in cutting and removing timber from lands to which the plaintiff claimed title. The jury returned a verdict in favor of the plaintiff, for permanent injunction and for damages. The defendant moved for a new trial, which was refused, and to this judgment he excepted.

1. The court charged the jury as follows: "Whether or not the cultivation of a turpentine farm upon a tract of land is such an occupancy and so public, continuous, exclusive, and uninterrupted as to meet the requirements of the law, as I have just stated them to you, is a question of fact for the determination of the jury, depending upon the character of the acts relied upon to constitute such possession." This charge was given in connection with the charge of the court upon the subject

---

Appeal and Error 4 C. J. p. 650, n. 77.
New Trial 29 Cyc. p. 791, n. 20.
Trial 38 Cyc. p. 1653, n. 11 New.

of prescriptive title set up by the plaintiff. The error assigned is that the court in this charge expressed an opinion that the evidence in the case had shown the cultivation of a turpentine farm upon the tract of land, when the plaintiff relied upon proof of prescriptive title based upon possession consisting in the cultivation of a turpentine farm. *Held,* that this assignment is without merit, as the judge in this instruction did not express any opinion upon the evidence, and did not instruct the jury that a turpentine farm had been cultivated on the tract of land upon which the trespass is alleged to have been committed.

2. Another ground of the motion for a new trial was that the court erred in not giving in charge to the jury the measure of damages by which they were to award damages to the plaintiff in the event the jury found that he was entitled to recover. *Held,* that in an action of trespass for recovery of damages resulting from the cutting and removing of timber upon land to which the plaintiff asserted title, and in manufacturing such timber into cross-ties, the court, in his charge to the jury, without request, should give them instructions as to the measure of damages; and a failure to do so is ground for a new trial. *Mayor &c. of Washington* v. *Harris,* 144 *Ga.* 103 (86 S. E. 220).

3. Having to grant a new trial because of the error pointed out in the preceding headnote, we express no opinion upon the evidence.

<em>Judgment reversed. All the Justices concur.</em>

No. 5029. DECEMBER 17, 1925.

Equitable petition. Before Judge Reed. Camden superior court. June 24, 1925.

*James T. Vocelle* and *L. J. Cowart,* for plaintiff in error.
*S. C. Townsend,* contra.