## 21134. CITY OF BARNESVILLE v. PARHAM.

STEPHENS, J. 1. A landowner may recover damages for the impaired rental value of his land and tenant houses thereon, resulting from a continuing nuisance caused by the emptying by a municipality of obnoxious and deleterious sewage into a stream which flows through the land, and also for damage to him while living in a dwelling house on the land, resulting from the contaminated atmosphere, poisonous gases, offensive odors and vapors caused by the contamination of the stream by the defendant. The measure of damages for the impaired rental value of the land is the difference between the rental value before the creation of the nuisance and the rental value afterwards. *Farley* v. *Gate City Gas Light Co.*, 105 *Ga.* 323 (31 S. E. 193); *Swift* v. *Broyles*, 115 *Ga.* 885 (42 S. E. 277); *Hodges* v. *Pine Product Co.*, 135 *Ga.* 134 (68 S. E. 1107, 33 L. R. A. (N. S.) 74, 21 Ann. Cas. 1052).

2. In a suit by the landowner against the municipality to recover for damage caused by the alleged nuisance, allegations in the petition that by reason of the alleged nuisance the plaintiff was unable to operate a dairy which he had been operating upon the land, and therefore could not use or rent out a pasture on the land, and that, prior to the creation of the nuisance, the plaintiff's profits from the dairy had been $800 a year for four years, and that this sum represents the rental value of the pasture for that period, are, when properly construed, allegations that by reason of the plaintiff's loss of profits which he would have derived from the operation of the dairy the rental value of the pasture is a sum of money equivalent to the profits which the plaintiff would have made from the operation of the dairy, and that the rental value, which was destroyed, was $800 a year.

3. Allegations in the petition that the rental value of the tenant houses before the creation of the alleged nuisance was $240 a year, and that since the creation of the nuisance their rental value is not more than $140 a year, which amounts to $800 for four years, are allegations as to the impaired rental value of the tenant houses.

4. The petition was not subject to special demurrer upon the ground that it did not allege "a proper element of damage."

5. Since the court in the charge instructed the jury that the plaintiff claimed "loss of profits and rental" of the pasture, and since the plaintiff in the petition alleged a damage to the rental value of the pasture and to the houses upon other portions of the land, it was error for the court, even in the absence of a request to charge, to fail to charge the jury that the measure of the plaintiff's damage as represented in the damage to the rental value of the pasture and the houses, caused by the alleged nuisance, was the difference between their rental value before the creation of the nuisance and their rental value afterwards. *Mayor &c. of Washington* v. *Harris*, 144 *Ga.* 102 (2) (86 S. E. 220); *A., B. & A. Railroad Co.* v. *Barnwell*, 138 *Ga.* 569 (5) (75 S. E. 645); *Southern Railway Co.* v. *O'Bryan*, 112 *Ga.* 127 (37 S. E. 161); *Brown* v. *Wells*, 161 *Ga.* 413 (2) (131 S. E. 159).

6. The court did not err in overruling the demurrer, but erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., concurs specially.*

DECIDED OCTOBER 3, 1931.

*Claude Christopher,* for plaintiff in error.
*H. J. Kennedy,* contra.