798

*W. H. Quarterman, Clifford Pratt,* for plaintiff in error.

## 21907. CITY OF MACON v. DOUGLAS.

STEPHENS, J. 1. Under the rule announced in *City of Macon* v. *Macon Paper Co.,* 35 *Ga. App.* 120 (132 S. E. 136), the petition in this case set out a cause of action against a city for damage to the plaintiff's property from water overflowing his premises from the defendant's streets, and the court did not err in overruling the general demurrer thereto and the motion to dismiss the plaintiff's case, in the nature of a general demurrer. In that case it was held that "Although a system for the drainage of surface-water from the streets of a city may be sufficient for that purpose at the time of its installation, yet where, by reason of changed conditions, due to the erection of buildings which shed water into the streets, and to the construction of pavements in the streets, both of which prevent the natural seepage of surface-water into the ground and thereby concentrate and augment the volume of water flowing through the streets, the drainage system becomes inadequate to carry off water accumulating in the streets from an ordinary rainfall, by reason of which condition the water precipitated into the streets during a rainfall is not drained with sufficient rapidity to prevent its overflowing upon adjoining premises, and where the situation is known to the city, its maintenance thereafter by the city constitutes a nuisance, and the city may be liable for resulting damage therefrom to adjacent property owners. *Langley* v. *Augusta,* 118 *Ga.* 590 (8) (45 S. E. 486, 98 Am. St. R. 133); *Mayor &c. of Waycross* v. *Houk,* 113 *Ga.* 963 (2) (39 S. E. 577); 4 Dillon on Municipal Corporations, § 1745; *City of Macon* v. *Roy,* 34 *Ga. App.* 603 (130 S. E. 700)." This holding is adhered to on review, and the request by the plaintiff in error to overrule it is denied. See 70 A. L. R. 1347, note, and cit.; *Bass Canning Co.* v. *MacDougald Construction Co.,* 174 *Ga.* 222 (162 S. E. 687).

2. The measure of the plaintiff's special damages as alleged being the difference between the market value of the property before it was damaged and its market value afterwards, it was error for the court to fail to instruct the jury that this was the measure of the plaintiff's damages, although no request for such instruction had been made. *Mayor &c. of Washington* v. *Harris,* 144 *Ga.* 102 (2) (86 S. E. 220); *Southern Railway Co.* v. *O'Bryan,* 112 *Ga.* 127 (37 S. E. 161); *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (6) (51 S. E. 13); *Briesenick* v. *Dimond,* 35 *Ga. App.* 668 (5) (134 S. E. 350).

3. The petition set out a cause of action, and the court did not err in overruling the demurrer, or the motion to dismiss the petition. Except as indicated, no error appears.

*Judgment reversed. Jenkins, P. J, and Sutton, J, concur.*

DECIDED SEPTEMBER 27, 1932.

ADHERED TO ON REHEARING, OCTOBER 1, 1932.

*Hall, Grice & Bloch, Ellsworth Hall Jr.,* for plaintiff in error.
*Earl W. Butler,* contra.