22889. GAINESVILLE TRANSFER COMPANY *v.*
CHANDLER, administratrix.

DECIDED SEPTEMBER 2, 1933.

*Oliver & Oliver,* for plaintiff in error.
*P. K. Burns, G. F. Kelley,* contra.

SUTTON, J. This was a suit for damages for injuries to the plaintiff and his property, caused by the alleged negligence of the defendant company in the operation of its automobile truck. Plaintiff alleged that he was entitled to recover for doctor's bills, medicine, loss of his horse, damage to his buggy and harness, decreased earning capacity, and pain and suffering. Before the case was tried the plaintiff died and the case proceeded in the name of his wife as administratrix. Upon the trial of the case evidence was introduced in support of the allegations of the petition. The jury returned a verdict for the plaintiff for $1,000. The defendant made a motion for new trial, which was overruled, and the defendant excepted to this judgment.

Error is assigned in the motion for a new trial upon the failure of the judge to give in charge to the jury any rules for computing the different elements of damages claimed. On the question of damages the court charged the jury as follows: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. . . General damages are such as the law presumes to flow from any wrongful act, which the law denominates a tort, and may be recovered without proof of any amount. Special damages are such as actually flowed from the act and must be proved in order to be recovered. As to pain and suffering, the plaintiff claims damages to his body and also claims damages for pain and suffering which he says resulted from the injury which he claims to have sustained. It is impossible to produce evidence to a jury as to the amount of money which would be necessary to

compensate a man for pain and suffering which he sustained either in body or mind, and the law, therefore, says that the amount that the plaintiff would be entitled to recover for pain and suffering must be left to the enlightened conscience of an impartial jury, such an amount as would, under the circumstances of the case, be, in the mind and conscience of an enlightened, intelligent and impartial jury, a sum which the plaintiff should recover as compensation and which would be properly chargeable to the defendant." The judge gave the correct rule for estimating damages for pain and suffering, but failed to instruct the jury as to the measure of damages for loss of earning capacity, and also failed to tell the jury what were the items of special damages claimed, or to give them any rule for the measure of such damages.

It would have been appropriate for the judge to have called the attention of the jury to the items of special damages claimed, and to have given the proper rules for measuring such damages; and to have instructed them as to the correct manner of estimating damages for decreased earning capacity. Under the charge given, the jury may have been confused and considered special damages as general damages, and thought that the same could be recovered without proof of any amount, or be measured by the enlightened conscience of the jury. *Southern Ry. Co.* v. *O'Bryan,* 112 *Ga.* 127 (37 S. E. 161); *S. A. L. Ry. Co.* v. *Brewton,* 150 *Ga.* 37 (2, 3) (102 S. E. 439); *Furney* v. *Tower,* 34 *Ga. App.* 739 (131 S. E. 177); *Bledsoe* v. *Potts,* 39 *Ga. App.* 689 (148 S. E. 291). "Where, in an action to recover on account of a personal injury, it is sought to recover damages on account of loss of time, physician's bills incurred, pain and suffering, and permanent incapacity to labor and earn money, the judge should not confuse the methods for estimating the different elements of damages." *Pickett* v. *Central of Ga. Ry. Co.,* 138 *Ga.* 177 (2) (74 S. E. 1027, Ann. Cas. 1913C, 1380). The rule is different where the only element of damages alleged which is actually insisted upon is for pain and suffering. *Augusta &c. R. Co.* v. *Randall,* 85 *Ga.* 297, 298 (11 S. E. 706). "In an action against a railroad company, where several different elements of damage are claimed, it is error requiring the granting of a new trial for the judge to fail in his charge to the jury to give them any rule for estimating the damages claimed; and this is true notwithstanding no written request for such charge is made

by the defendant." *A., B. &c. R. Co.* v. *Barnwell*, 138 *Ga.* 569
(5) (75 S. E. 645).

After a consideration of the entire charge, and applying the rules
in the cases referred to above, we are of the opinion that the court
erred in failing to give in charge to the jury the rules for meas-
uring the different elements of damages claimed as above indicated,
and therefore erred in overruling the defendant's motion for new
trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*