### 34937. MAYOR & COUNCIL OF AMERICUS *v.* BRIGHTWELL.

DECIDED APRIL 21, 1954—REHEARING DENIED JUNE 28, 1954.

342

*H. B. Williams,* for plaintiff in error.

*Claude N. Morris,* contra.

QUILLIAN, J. ■ The plaintiff in error contends that the court should have charged the jury specifically in reference to a paragraph of its answer, that the water was not caused to flow over the plaintiff's property by the grade of the street, but that, if the water did so flow, it was on account of the topography of the land, that is, the plaintiff's land was in a low place as compared with the lands about it. There is no merit in this contention, for the reason that the paragraph of the answer referred to amounted to no more than a general denial that the defendant unreasonably or unlawfully cast water on the plaintiff's property to her damage. It was not an affirmative defense, because every fact alleged in the paragraph of the answer could have been proved under the general denial that the defendant had damaged the plaintiff's property. *Davison Chemical Corp.* v. *Hart,* 68 *Ga. App.* 413 (23 S. E. 2d 107); *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705 (181 S. E. 315).

Moreover, the charge made it plain to the jury that in order for the plaintiff to recover it must appear that the defendant brought water from over the watershed, or divide, and unreasonably cast it on the plaintiff's property. This charge was tantamount to charging that, if by its natural flow the water ran over the property there could be no recovery; in short, it was simply a matter of saying the same thing in an affirmative or in a negative form.

■ It was not error for the court to charge: "But on the other hand, if you do find that they did gather up water from over the divide, the natural divide, rain waters that would have naturally run to other drainage, and concentrate and bring them into the watershed, the natural watershed on which plaintiff's property is located, and released them on the property of the plaintiff in an unreasonable way, or in a way that would produce damage to the property, special damage to the property, why then the plaintiff would be entitled to recover."

The court throughout its charge used the expressions *watershed* and *divide* interchangeably. The trial court properly

assumed—if the charge did assume—that there were waterdivides, because as a very self-evident matter of common knowledge there are watersheds. It will be noted that the court did not assume the location of such a water divide to be at any particular place, so as to instruct the jury that the defendant would be liable if it brought the water from any special point and unreasonably cast it upon the property, in such a manner as was unreasonable and resulted in damage to the property.

The charge, given reasonable interpretation, simply instructed the jury that the defendant would be liable if it turned the rain water in a different course from where it would normally flow and this damaged the property by unreasonably casting water upon it.

■ The trial court did not give to the jury any rules for computing the damages which the plaintiff was seeking to recover of the defendant. This was error. *Mayor &c. of Washington* v. *Harris,* 144 *Ga.* 102 (2) (86 S. E. 220). We are aware of several decisions to the contrary, all based upon the case of *Central Railroad* v. *Harris,* 76 *Ga.* 501, 512 (2), which the Supreme Court in the case of *Seaboard Air Line Ry.* v. *Brewton,* 150 *Ga.* 37 (102 S. E. 439), expressly stated it declined to follow. The *Central Railroad* case, and those following it in thought, hold that, in order for complaint, when made by a defendant, to be made that a charge failed to furnish a criterion in determining the amount recoverable in a damage suit, it must be coupled with a complaint that the verdict was excessive. But the rule is well established and consistently followed that, where it appears that the court has failed to instruct the jury how to arrive at the amount of damages, this in itself furnishes sufficient reason for granting a new trial to a defendant. *Brown* v. *Wells,* 161 *Ga.* 413 (2) (131 S. E. 159); *City of Macon* v. *Douglas,* 45 *Ga. App.* 798 (2) (165 S. E. 922).

The general grounds of the motion for a new trial are not passed upon, inasmuch as the case is to be tried again and the evidence upon another trial may not be the same as in this trial. For the reasons assigned, the judgment denying the motion for a new trial must be

*Reversed. Felton, C. J., and Nichols, J., concur.*