36417. SOUTHERN RAILWAY COMPANY *v.* AVERY.

DECIDED JANUARY 11, 1957.

879

J. G. B. *Erwin, Beverly Langford, Pittman, Kinney & Pope,*
for plaintiff in error.

R. F. *Chance,* contra.

QUILLIAN, J. ■ The petition as originally drawn alleged $480
damage for rental value of the pasture; $500 damage to the
spring in the pasture; $400 permanent damage to the pasture;
$15 damage to the fence; and $1,500 for the loss of the full en-
joyment of plaintiff's home. The plaintiff later amended the
petition by striking all allegations as to permanent damages to
the property and added the following allegations of damages:
$800 rental value of the pasture and spring; $100 damage to the
fence; and $1,500 for loss of the full use of her home. The de-
fendant specially demurred to the petition on the ground that the
allegations as to the fence, spring, pasture and use of plaintiff's
home were duplicitous. The plaintiff did amend the petition as

to the fence, spring, pasture and full use of the home, but the original allegations as to these same damages were never stricken, leaving the petition duplicitous as to above stated damages. The trial judge erred in failing to strike these duplicitous allegations.

■ Special ground 1 of the amended motion for new trial insists that the following charge was not correct as an abstract principle of law: "I give you in charge Code Section 105-1407 of the Code of Georgia: 'The owner of land through which nonnavigable watercourses may flow is entitled to have the water in such stream come to his land in its natural and usual flow, subject only to such detention or diminution as may be caused by a reasonable use of it by other riparian proprietors; and the diverting of the stream, wholly or in part, from the same, or the obstructing thereof so as to impede its course or cause it to overflow or injure his land, or any right appurtenant thereto, or the pollution thereof so as to lessen its value to him, shall be trespass upon his property.' If you find that the defendant has committed any act there under the provisions of that section, and that the plaintiff has been damaged, and if Mrs. Avery has carried the burden of proof and is entitled to a verdict at your hands, it would be your duty to write a verdict for the plaintiff for whatever amount you think would be right and reasonable and just and fair to both parties in this case. In that event the form of your verdict would be 'We, the jury, find for the plaintiff so many dollars and cents.' If the plaintiff has not carried the burden of proof at your hands, it would be your duty to write a verdict for the defendant. In that event the form of your verdict would be 'we, the jury, find for the defendant.' "

In *Danzley* v. *State,* 25 *Ga. App.* 170 (10) (102 S. E. 915), this court held: "Where a ground of a motion for a new trial contains a lengthy excerpt from the charge of the court, of which at least a part is abstractly correct, and the only assignment of error is: 'Movant contends that this is error because it is not a correct statement of the law,' it affords no cause for a new trial. *Cobb* v. *State,* 76 *Ga.* 664 (1); *Miller* v. *State,* 121 *Ga.* 135 (2) (48 S. E. 904); *Graham* v. *State,* 125 *Ga.* 48 (3) (53 S. E. 816)." A part of the criticised charge was certainly correct. Special ground 1 of the amended motion for new trial in this case is thus without merit.

■ Special grounds 2 and 3 assign error upon the trial judge's failure to give the jury any lawful standard for computing elements of damages alleged in the petition. The petition alleged several elements of damages. Different rules apply in arriving at the amount recoverable under each of them. The trial judge charged the jury the following: "Gentlemen, there has been certain evidence introduced for your consideration, the opinion of witnesses as to the amount that the plaintiff was damaged. I charge you that the jury is not bound by the opinions of the damage, but you may take the evidence from the opinions of witnesses and consider it along with the other facts and circumstances upon the trial in arriving at what would be reasonable compensation for damages inflicted, if you find that the plaintiff is entitled to recover, if you find, first, that she has been damaged, and if so, whether or not the defendant is liable. . . If you find that the defendant has committed any act there under the provisions of that section, and that the plaintiff has been damaged, and if Mrs. Avery has carried the burden of proof and is entitled to a verdict at your hands, it would be your duty to write a verdict for the plaintiff for whatever amount you think would be right and reasonable and just and fair to both parties in this case."

In *Gainesville Transfer Co.* v. *Chandler*, 47 *Ga. App.* 409 (170 S. E. 558), it was held: "Where different elements of damages are claimed, for which there are different rules for estimating damages, the different rules should be given in charge to the jury, though there be no written request so to do. The charge of the court in this case was lacking in this respect, and may have confused the jury and caused them to apply to one element of damages the rule applicable to the other."

Except for the above quoted excerpts from the charge, no rules were given to the jury by which to determine the amount of damages to be assessed if they found in favor of the plaintiff. After a careful consideration of the entire charge, we are of the opinion that the trial judge erred in failing to charge the jury the rules for determining the different elements of damages alleged in the petition. *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 127 (37 S. E. 161); *A. B. & A. R. Co.* v. *Barnwell*, 138 *Ga.* 569, 570 (5) (75 S. E. 645); *Mayor &c. of Washington* v. *Harris*, 144 *Ga.*

■

882

102 (2) (86 S. E. 220); *Brown* v. *Wells*, 161 *Ga.* 413 (131 S. E. 159); *City of Barnesville* v. *Parham*, 44 *Ga. App.* 151 (160 S. E. 879).

Judgment reversed. *Felton, C. J., and Nichols, J., concur.*