39600. PETROLEUM CARRIER CORPORATION
v. POLK.

Decided September 7, 1962—Rehearing denied
September 26, 1962.

*Franklin, Barham & Coleman, W. D. Knight, E. R. Smith, Sr., O. W. Franklin, Jr., Ed. G. Barham, Jr.,* for plaintiff in error.

*Elsie H. Griner, Edward Parrish,* contra.

FELTON, Chief Judge. 1. The court did not err in overruling the motion for a judgment n.o.v. The motion was not in due form and prayed for a judgment in accordance with the motion for new trial.

2. The court erred in overruling the motion for new trial

because the evidence did not furnish the data necessary to a reasonable and definite conclusion as to the amount of the plaintiff's damages. As to the amount alleged to be owed by the defendant for deficiencies in mileage calculation there was no evidence whatsoever that there were 4,152 miles not paid for @ $.17 per mile. A number of ledger sheets were introduced in evidence but they were not identified or explained so that the jury could arrive at the conclusion contended for by the plaintiff. The exhibits are utterly meaningless as to this item of damages so far as the total of miles not paid for is concerned. There is also a deficiency in the evidence as to how many trips would probably have been made by the plaintiff himself and how many by his three drivers for the period in question. Testimony that defendant in error averaged 16 to 17 trips per week over a one-year period (approximately) is not sufficient to show the number of trips made during the 26-day period involved in this case. Another deficiency in the evidence is as to proof of the damage suffered by plaintiff in the loss on the second truck rented to defendant. The evidence showed only that he paid $8,000 for the truck, paid an indefinite amount on the purchase price and turned it in for the balance due. There is no evidence as to the reasonable value of the truck when it was turned back to the seller. (The court does not mean to intimate that a loss on the truck would be a proper measure of damages, but there was no demurrer on this subject and no objections to evidence on the subject.) Most of the other items of damages proved were on the border line as to definiteness but were perhaps as close as could be given in such matters, for instance, cost of repairs, gasoline, taxes, etc.

The court erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Bell and Hall, JJ., concur.*