39693. DAVIS-PICKETT CHEVROLET, INC.
v. COLLIER.

Decided September 27, 1962.

E. J. Clower, for plaintiff in error.

Parker, Clary & Kent, Horace T. Clary, contra.

EBERHARDT, Judge. ■ There is no merit in the general grounds of the motion for new trial.

■■ In ground 4 error is assigned on a portion of the charge dealing with implied warranties in connection with the sale of personalty. Since it was a contention of the seller here that the exchange of a motor block was made after expiration of the warranty period, as contained in the express warranty, under circumstances related in the statement of facts above, and purchaser contended that the motor did not perform properly because of the condition of the substituted block, there was no error in charging on the matter of implied warranties.

■ In grounds 5 and 6 error is assigned on the refusal of the court to charge written requests to the effect that implied warranties are excluded by an express warranty. The requests were not adjusted to the facts and contentions of the parties in all respects, and were properly denied.

■■ Complaint is made of the admission of evidence, over objection, that certain repair work had to be done on the substituted cylinder block after the expiration of the period of the express warranty. Under the facts here we find no error.

■ In admitting the evidence referred to above, the court remarked, "It is the same trouble that originated within the 30-day period." Complaint is made that in so doing he expressed an opinion, prohibited under Code § 81-1104. No ruling is here made on this assignment, since a new trial must be had for other reasons, and this will not likely happen again.

■ Error is assigned upon the failure of the court to reopen the case for the admission of other evidence for the purpose of correcting an error after the case had been closed and arguments made to the jury by counsel. The matter of reopening the case under these circumstances was within the sound discretion of the court. We find nothing to indicate any abuse of discretion in the denial of the motion.

■ In ground 7 error is assigned upon the failure of the court to charge, without request, a rule or measure of damages by which the jury might arrive at its verdict in assessing damages for the alleged breach of warranty. This ground is meritorious, and requires the grant of a new trial. *Mayor &c. of Washington v. Harris*, 144 Ga. 102 (2) (86 SE 220); *Towson v. Horn*, 160 Ga. 697 (3) (128 SE 801); *Brown v. Wells*, 161 Ga. 413 (2) (131 SE 159); *City of Barnesville v. Parham*, 44 Ga. App. 151 (5) (160 SE 879); *Southeastern Greyhound Lines v. Hancock*, 71 Ga. App. 471 (5) (31 SE2d 59); *Homasote Co. v. Stanley*, 104 Ga. App. 636 (3) (122 SE2d 523); *Petroleum Carrier Corp. v. Polk*, 106 Ga. App. 650.[1]

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*

---

[1]"Where an automobile is sold with warranty of quality, and the automobile delivered by the seller does not correspond with the warranty, the correct measure of damages is the difference between the contract price and the actual value of the automobile when and where delivered." *Ceylona Co. v. Selden Truck Sales Co.*, 23 Ga. App. 275 (1) (97 SE 882). However, if the terms of the warranty contemplate that repairs are to be made for the elimination of defects, as here ("50-50 guarantee on motor, etc."), the reasonable cost of making repairs may be a proper measure, particularly when it is contended by the purchaser that the seller had refused to make the necessary repairs and that he had secured them elsewhere. *Cochran v. Jones*, 85 Ga. 678 (2) (11 SE 811); *National Sheet Metal Co. v. McKenzie*, 62 Ga. App. 292 (8 SE2d 93); Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, 257 F2d 162, 167 (5, 6). And see *Southeastern Exp. Co. v. Chambers*, 33 Ga. App. 44 (1) (125 SE 507); *Lamon v. Perry*, 33 Ga. App. 248, 249 (1) (125 SE 907); *O'Donnelly v. Stapler*,

34 Ga. App. 637 (5) (131 SE 91); *Padgett v. Williams,* 82 Ga. App. 509 (1) (61 SE2d 676); *Leggett v. Brewton,* 104 Ga. App. 580 (2) (122 SE2d 469). Cf. *Dasher v. International Harvester Co.,* 42 Ga. App. 130 (3) (155 SE 211).