### 41587. TURNER v. TOMBERLIN-SHEETZ ARCHITECTS, INC. et al.

ARGUED OCTOBER 4, 1965—DECIDED NOVEMBER 3, 1965—
REHEARING DENIED NOVEMBER 18, 1965.

Hatcher, Meyerson, Oxford & Irwin, Henry M. Hatcher, Jr., for plaintiff in error.

Arnold & Harris, Ross Arnold, Robert B. Harris, Moreton Rolleston, contra.

JORDAN, Judge. 1. The trial court in summarizing the allegations of the plaintiff's original petition instructed the jury as follows: "[A]nd he alleges and sets forth in his petition that the reasonable value of services he rendered was $11,380 which he alleges defendant agreed to pay." The defendant in special ground 5 of his amended motion for new trial contends that this instruction constituted a material misstatement of the plaintiff's contentions as shown by the allegations of the original petition since the plaintiff did not contend therein that the defendant had agreed to pay the sum of $11,380 as the reasonable value of services rendered, but had only alleged that the defendant had agreed to pay the reasonable value of such services which the plaintiff alleged to be $11,380.

This excerpt from the charge was clearly subject to the defendant's objection, since it was phrased in ambiguous language, a reasonable construction of which was calculated to convey to the jury the erroneous impression that it was the contention of the plaintiff that the defendant had expressly agreed that the sum of $11,380 constituted the reasonable value of the services rendered to him when in fact the plaintiff had only alleged that the defendant had agreed to pay the reasonable value of such services which the plaintiff alleged to be $11,380. As so construed, this charge constituted a material misstatement of the plaintiff's contentions and in our opinion such error under the facts and circumstances of this case was prejudicial to the defendant. "As a general rule a charge which misstates the contentions of the prevailing party, and tends to confuse the jury as to those contentions and as to the real issues in the case, in such a manner as would permit the prevailing party to recover on a contention he did not make and not authorized by the evidence, necessitates the grant of a new trial. Ergle v. Davidson, 69 Ga. App. 102, 104 (24 SE2d 810)." City of Summerville v. Woodward, 97 Ga. App. 662, 665 (104 SE2d 507).

This error was not rendered harmless by the fact that it constituted a material misstatement of the original allegations of the plaintiff's petition since the court prior to its instruction to the jury to consider only count 2 as set forth in the amended petition, instructed the jury that the allegations of the amended petition, including count 2 thereof, were substantially the same as the allegations of the original petition.

2. The alleged errors complained of in the remaining grounds of the amended motion for new trial are not likely to occur on the retrial of this case and these grounds need not be considered.

3. The remaining assignments of error are rendered moot by the judgment of this court granting a new trial to the defendant.

*Judgment reversed. Felton, C. J., and Deen, J., concur.*