41681. RYDER TRUCK RENTAL, INC. et al. v. GIANOTOS.

ARGUED JANUARY 3, 1966—DECIDED FEBRUARY 8, 1966.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, Spivey & Carlton, Milton A. Carlton,* for appellants.

*Williams, Smith & Shepherd, Sidney B. Shepherd,* for appellee.

FELTON, Chief Judge. ■ The appeal is not subject to dismissal on the ground that it should have been brought here by writ of error and not by appeal. Bills of exceptions were abolished as such as of August 1, 1965, and the appeal otherwise than

by a bill of exceptions is appropriate. The motion to dismiss the appeal on this ground is denied.

■ The motion to dismiss the appeal on the ground that the only exceptions in the appeal are based on exceptions to the court's charges and failure to charge and that no proper foundation was laid for such exceptions under the Appellate Practice Act of 1965 is without merit because this case was tried before August 1, 1965, when said Act went into effect. At the time this case was tried there was no provision of law requiring a foundation to be laid for the exception to a charge or refusal to charge. The motion to dismiss the appeal on the second ground is denied. The motion is also denied for the reason that there is one enumerated error which is not based on a charge or a failure to charge.

■ The first exception is to the following excerpt from the charge of the court: "Now, they further allege that the defendant in this case was free from fault as a result of the negligence of agent of the said plaintiff aforesaid, and her car was damaged and she received personal injuries and herein brings cross action to such injuries." The exception is that the court misstated the contentions of the three corporate parties against whom verdict and judgment were rendered. This exception is meritorious. The three corporate parties in their answer to the action against them contended to the contrary and so did Ryder Truck Rental, Inc., in the action filed by it. The consolidation of these cases and their trial under consolidation made a jury charge exceedingly difficult. However that may be, and as difficult as it was, this court cannot administer settled law on such a basis. The judge in several places confused the parties and confused and misstated contentions but he never did call the jury's attention to the incorrect statements of the parties' contentions and correct them. All he did was to state contentions incorrectly and later state them correctly without so stating. Some cases holding that the erroneous statements by a judge of the contentions of a party require the granting of a new trial are as follows: *Farr v. Collins*, 109 Ga. App. 37 (135 SE2d 65); *Hightower v. Ansley*, 126 Ga. 8 (6) (54 SE 939, 7 AC 927); *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga.

App. 159 (91 SE2d 135); *Turner v. Tomberlin-Sheetz Architects, Inc.,* 112 Ga. App. 661 (145 SE2d 743) and cit.

■ The second exception to the charge is that the court charged the jury that Miss Gianotos' injuries were due to the negligence of the agent of the three corporate parties rather than stating to them that such was the contention of Miss Gianotos. This court cannot be sure, as the record appears, whether this exception is good or not. We are sure that the judge intended to state the matter as a contention. He may have been reading from a pleading of Miss Gianotos. This is indicated. As the case must be tried again we leave this matter to the trial judge as we are confident that the confusion will not recur.

■ The third and fourth exceptions are that the court erred in giving the following excerpts: (1) "Now if either party by the exercise of ordinary care could have avoided the consequences to himself caused by the negligence of the other, if such there was, when such negligence became apparent to the party or by the exercise of ordinary care on their part they could have avoided or become aware of it, then that party could not recover"; (2) "If either party by the exercise of ordinary care could have avoided the consequences to himself or herself caused by the negligence of the other when that negligence became apparent to him or to either of them by the exercise of ordinary care on either's part, he could not have become aware of it, then that party could not . . . would not be entitled to recover."

■ The first excerpt assigned as error is incorrect in part in that it states that a party cannot recover from another due to the latter's negligence *if he could have become aware of the latter's negligence.* The true rule is that the party seeking recovery may not recover if he could have discovered the latter's negligence by the exercise of ordinary care and could have then avoided it by the exercise of ordinary care. The mere becoming aware of the latter's negligence would not prevent a plaintiff's (or one in similar position) recovery if after he discovered the latter's negligence or should have by the exercise of ordinary care, he could not have avoided the consequences of the latter's negligence by the exercise of ordinary care, assuming that there is no bar to recovery under some other principle of law.

■ The second excerpt assigned as error is erroneous because the sentence "he could not have become aware of it" is in direct conflict with the true avoidance rule and in conflict with the principle stated immediately preceding the quotation next above.

The judge correctly stated the avoidance rule in other parts of the charge but he did not call attention to the erroneous charge and correct it. The Supreme Court has been very strict in the enforcement of this rule that an erroneous charge must be eradicated by correcting it and calling the jury's attention to that fact. This court made an attempt to make a more liberal application of the rule but was reversed by the Supreme Court. See *Executive Committee of Baptist Convention v. Ferguson*, 213 Ga. 441 (99 SE2d 150).

■ The jury awarded Miss Gianotos a verdict for damages to her automobile and for her personal injuries in a lump sum. Exception is made to the court's failure to charge on the measure of damages for injuries to personal property. The failure to so charge was harmful error. Even if this were the only error in the case we could not avoid a reversal because we cannot separate any illegal award of damages and order it written off because we cannot know whether illegal damages were awarded or, if so, how much. The rule for such failure to charge is stated in the following cases as well as others: *Mills v. Quick*, 99 Ga. App. 461 (4) (109 SE2d 65); *Homasote Co. v. Stanley*, 104 Ga. App. 636, 640 (3) (122 SE2d 523); *Davis-Pickett Chevrolet v. Collier*, 106 Ga. App. 660 (5) (127 SE2d 923); *Petroleum Carrier Corp. v. Polk*, 106 Ga. App. 650 (127 SE2d 696); *Globe Motors, Inc. v. Noonan*, 106 Ga. App. 486, 489 (6) (127 SE2d 320) and cit.; *City of Macon v. Douglas*, 45 Ga. App. 798 (2) (165 SE 922) and cit.; *Mayor &c. of Americus v. Brightwell*, 90 Ga. App. 341, 344 (3) (82 SE2d 732); *Seaboard A.-L. R. v. Bishop*, 132 Ga. 37, 38 (2) (63 SE 785); *Mayor &c. of Washington v. Harris*, 144 Ga. 102 (2) (86 SE 220); *Atlanta B. & A. R. Co. v. Barnwell*, 138 Ga. 569 (5) (75 SE 645); *Southern R. Co. v. O'Bryan*, 112 Ga. 127 (1) (37 SE 161); *Central of Ga. R. Co. v. Hughes*, 127 Ga. 593 (3) (56 SE 770); *Towson v. Horn*, 160 Ga. 697 (3) (128 SE 801); *Seaboard A.-L. R. v.*

*Brewton,* 150 Ga. 37 (2) (102 SE 439); *Brown v. Wells,* 161 Ga. 413 (2) (131 SE 159); *City of Barnesville v. Parham,* 44 Ga. App. 151 (5) (160 SE 879); *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471 (5) (31 SE2d 59); *Gainesville Transfer Co. v. Chandler,* 47 Ga. App. 409 (170 SE 558); *Furney v. Tower,* 34 Ga. App. 739 (5) (131 SE 177); *Bledsoe v. Potts,* 39 Ga. App. 689 (148 SE 291).

■ There was no error in the court's refusing to admit in evidence the official report of the investigation of the occurrence by Trooper H. G. Yoemans. It does not appear that the facts reported on the document were admissible in evidence as having probative value to prove an affirmative fact or to impeach the testimony of the witness Yoemans.

The court erred in overruling the motion for a new trial filed by the three corporate parties.

*Judgment reversed. Frankum and Pannell, JJ., concur.*