CITY TRANSFER COMPANY *v.* DRAPER.

LUMPKIN, P. J.   1. If a transfer company, for a given fare charged and paid, undertakes to transport a passenger and his hand-baggage, it is, in a contest over the company's liability for the loss of the baggage, immaterial whether or not it was the general custom of the company simply to carry passengers, and not to hold itself out as offering to carry their baggage without extra compensation.

2. In view of the facts brought to light on the trial of this case, the denial of the defendant's motion to continue affords no cause for ordering a new trial.

3. There being ample evidence to show that the plaintiff's hand-baggage, for the loss of which the action was brought, had been by him entrusted to the exclusive custody and control of the defendant, which was an incorporated city transfer company engaged in the transportation for hire of passengers and their baggage, and the evidence demanding a finding that he was not guilty of any negligence and that the defendant company did not exercise ordinary diligence in taking care of his baggage, a charge to the effect that the liability of the defendant was that of an insurer, even if inapplicable (as to which no ruling is now made), was not harmful to the company.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided July 19, 1902.

Action for damages.   Before Judge Eve.   City court of Richmond county..   August 21, 1901.

*Boykin Wright* and *George T. Jackson,* for plaintiff in error.
*William H. Barrett,* contra.

---

GEORGIA RAILROAD AND BANKING COMPANY *v.* GARDNER *et al.*

LUMPKIN, P. J.   1. One who enters upon and injures another's land is not, though a trespasser, liable for punitive damages, when the acts causing the injury were done in good faith under the honest belief that the land belonged to the former, and there was nothing in the manner of doing such acts to indicate an intention to wantonly disregard the rights of the true owner.   See *Mining Co.* v. *Irby,* 40 *Ga.* 479 ; *Carli v. Depot Co.,* 32 Minn. 101.

2. It was in the present case erroneous to give in charge to the jury section 3906 of the Civil Code, which authorizes the giving of such damages in cases of tort where there are aggravating circumstances.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided July 19, 1902.

Action for damages.   Before Judge Brinson.   Richmond superior court.   January 30, 1902.

*Joseph B. & Bryan Cumming,* for plaintiff in error.
*William H. Fleming,* contra.