### 12343.  PORT WENTWORTH TERMINAL CORPORATION *v.* LEAVITT.

1. As far as required by the character of the contracts, for the alleged breach of which the plaintiffs sued, the court construed them.
2. The charge of the court was clear and full as to the issues in the case.
3. The excerpt from the charge of the court in ground 7 of the motion for a new trial, as to the contentions of the parties, is not erroneous for any reason alleged.
4. When read in the light of the entire charge, the instruction, " If you find that the plaintiff was rightfully discharged and was paid off up to the time of his discharge, then you will consider the plea of recoupment," was not subject to the exception taken by the defendant.
5. Ground 9 of the motion for a new trial is too general and indefinite to present any question for determination by this court.
6. Counsel for the plaintiff in error not having asked for an extension of time for further argument, as provided for by rule of court (Park's Annotated Code, § 6264), the judge did not abuse his discretion in refusing such an extension after counsel had consumed the hour allowed him under the rule.
7. " Where a series of propositions are presented en bloc in a single request to charge, the court is not required to give them or any part. of them if any one of them is erroneous or inapplicable to the case on trial."
8. In the charge given the judge covered the issues referred to in ground 12 of the motion for a new trial.

DECIDED JANUARY 18, 1922.  REHEARING DENIED FEBRUARY 14, 1922.

Action on contract; from Chatham superior court — Judge Meldrim. December 27, 1920.

Application for certiorari was denied by the Supreme Court.

*Hitch, Denmark & Lovett,* for plaintiff in error.

*William W. Gordon,* contra.

BLOODWORTH, J. 1. Grounds 4 and 5 of the motion for a new trial complain that the court erred " in failing to construe and in-

terpret for the jury and to instruct the jury as to the construction and interpretation of the contracts for the alleged breach of which the plaintiff sued." These grounds of the motion are without merit. As far as the character of the contracts required, the judge did construe them, and if more specific instructions were desired, a proper and timely written request therefor should have been made. Even had the court not construed any portion of these contracts, the plaintiff in error would not have been injured thereby, as a proper construction of them would have been adverse to it. "Although it is the duty of the trial judge to construe a written contract, still if, instead of doing so, he submits the contract to the jury for construction, the judgment will not be reversed therefor, where it appears that the proper construction would have been adverse to the contention of the complaining party. *Moss Mfg. Co.* v. *Carolina Portland Cement Co.,* 1 *Ga. App.* 232 (57 S. E. 914)." *Bostwick* v. *Massee & Felton Lumber Co.,* 9 *Ga. App.* 363 (1) (71 S. E. 499); *Tilton* v. *Butts, DePue & Co.,* 78 *Ga.* 30 (1).

2. Ground 6 of the motion for a new trial alleges that the court erred " in failing to instruct the jury with sufficient fullness and clearness as to the issues in the case, and particularly as to the contentions of the defendant." An examination of the charge will show that there is no merit in this ground. In his order overruling the motion the judge thus refers to this ground: " The 6th ground complains in one unbroken sentence of over 1300 words that I failed to charge something over 50 contentions of the defendant."

3. The excerpt from the charge in ground 7 of the motion for a new trial is not erroneous for any reason alleged. A part of this excerpt is as follows: " These make the substantial issues for you to decide. There may be other issues made by the petition and answer. This petition and answer you will have before you, and you will decide them under the evidence and the law as it may be given you in charge." In the charge given to the jury the judge covered generally the issues in the case, and in addition told the jury, in substance, that the pleadings would show the issues they were to decide. In *Woodward* v. *Fuller,* 145 *Ga.* 252 (1) (88 S. E. 974), the Supreme Court held that it was not cause for the grant of a new trial where the judge charged the jury as follows: " These pleadings will go out with you, and it will be your privilege and duty to read them over, and ascertain just what they contain. If

there are issues that I have not referred to, you ought to learn what these issues are from these pleadings when you go out." In *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (1) (45 S. E. 430), it was held, "Where the judge states fully and accurately the law applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial." This court in *Weldon* v. *State,* 21 *Ga. App.* 330 (1 *b*), (94 S. E. 326), held: " If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired, timely and appropriate written request therefor should be made. *Anthony* v. *State,* 6 *Ga. App.* 784 (3) (65 S. E. 816)." In *Jones* v. *McElroy,* 134 *Ga.* 859 (3) (68 S. E. 730, 137 Am. St. 276), Evans, P. J., said: " The court instructed the jury that they would find the contentions of the parties set out in the pleadings. Error is assigned in that the court should have restated the contentions. While it is the right and duty of the court to state the contentions of the parties, his reference to the pleadings as containing such contentions will suffice, unless the special facts of the case may require a formal statement of the actual issues in order to prevent possible misapprehension. *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535, 538 (45 S. E. 430)." Under the foregoing rulings there is no error in this ground of the motion for a new trial.

4. In the light of the entire charge there is no merit in ground 8 of the motion for a new trial, which alleges that the court erred in charging as follows: " If you find that the plaintiff was rightfully discharged, and was paid off up to the time of his discharge, then you will consider the plea of recoupment." Taking this sentence alone, it might be subject to the construction placed upon it by counsel for the plaintiff in error, that the " jury were authorized to consider the plea of recoupment only in case they found that the plaintiff was rightfully discharged, and was paid off up to the time of his discharge." But we do not think that this is true when the excerpt is considered in connection with the entire charge, and especially with what immediately follows this excerpt; nor do we think that by this charge the jury could have been misled. The judge who

presided at the trial thus speaks of this particular ground of the motion for a new trial, in the order overruling the motion: "The eighth ground complains of an excerpt from the charge. The excerpt should be read in connection with the entire charge. The contract and the discharge of the plaintiff were admitted. Naturally and logically the first question to which the mind of the jury should have been directed was as to the rightfulness of the discharge. The word 'then,' quoted in the excerpt, is an adverb of time. If the jury found that the plaintiff had been rightfully discharged then, next in order they should consider what damages, if any, the defendant had sustained by reason of the plaintiff's failure to comply with his cross-obligations. Immediately following the excerpt, in the same paragraph, one sentence following the other, I quoted verbatim the plea of recoupment, and concluded my charge on the plea of recoupment with these words: 'If you find that this plea of recoupment has not been sustained, then you will give to it no further consideration; but if you find any amount under this plea in favor of the defendant against the plaintiff, then you will deduct it from any sum which you may find for the plaintiff against the defendant. And if you should find nothing in favor of the plaintiff, then your verdict would be in favor of the defendant against the plaintiff for such sum as you may find on the plea of recoupment.' "

5. Ground 9 of the motion for a new trial is too general and indefinite to present any question for determination by this court. That ground is as follows: "Because the damage claimed by the plaintiff was speculative and remote and incapable of accurate ascertainment."

6. Ground 10 of the motion for a new trial alleges error "because the court failed and refused to allow defendant's counsel to argue the facts of the case to the jury, or to make any argument to the jury on the oral and documentary evidence submitted in the case, although the case had occupied the attention of the court and jury in the submission of oral and documentary testimony from Monday, April 19th, to Thursday, April 22d, 1920, and although a large amount of oral and documentary evidence had been submitted; defendant's counsel having been occupied, during the entire hour allowed him by the court for argument, in arguing the meaning and construction and interpretation of the contracts between the parties and set out in the plaintiff's declaration, and the court having fre-

quently interrupted defendant's counsel's argument with questions and suggestions, and thereby necessarily expending the argument of defendant's counsel on the law and on said contracts, so that defendant's counsel had neither the time nor the opportunity to argue or discuss in the slightest degree the oral and documentary evidence to the jury; and, although the defendant's counsel requested the court to permit him to argue the facts to the jury, the denial of such request, and refusal on the part of the court to permit defendant's counsel to argue the facts to the jury, being an abuse of discretion on the part of the court, and being, under the circumstances, a denial of defendant's right to defend its cause in the courts of this State in person or by attorney or both, as guaranteed in the bill of rights of the State of Georgia, as set forth in article 1, section 1, paragraph 4 of the constitution of the State of Georgia (Code section 6360), and being, under the circumstances, a deprivation of defendant's property without due process of law, contrary to the provisions of the bill of rights of the State of Georgia, as set forth in article 1, section 1, paragraph 3 of the constitution of the State of Georgia (Code section 6359), and being, under the circumstances, a deprivation of defendant's property without due process of law, contrary to the provisions of the fourteenth amendment to the constitution of the United States (Code section 6700)." There is no merit in any of these contentions. Rule 5 of the superior courts, established by the judges in convention and embodied in Park's Annotated Code, § 6264, limits the argument of counsel in cases of this character to one hour on each side, and provides that " if counsel on either side shall before the argument in the case begins apply to the court for an extension of the time prescribed for argument in this rule, and shall state in his place, or on oath, in the discretion of the court, that he or they cannot do the case justice within the time prescribed, and that it will require for that purpose additional time, stating how much additional time will be necessary, the court may grant such extension of time as may seem reasonable and proper." No claim was made that counsel for plaintiff in error complied with this rule of court and asked for an extension of time for argument as therein provided. The judge, therefore, did not abuse his discretion in refusing an extension of time requested after counsel had consumed the hour allowed him under the above rule.

(*a*) Counsel for plaintiff in error insists that the court, by refusing him additional time in which to argue the case, deprived him of certain constitutional rights. In *Starling* v. *State,* 149 *Ga.* 172 (99 S. E. 619), the Supreme Court held that "under the ruling made in *Henry* v. *State,* 147 *Ga.* 260 (8), 264 (93 S. E. 413), ' a question as to the constitutionality of a law cannot be raised for the first time in a motion for a new trial, where it was not made either by demurrer to the pleadings or by objections to evidence, or in some other appropriate way pending the trial.' " Under the above ruling no constitutional question is properly raised in this case. Moreover, in *Lindsay* v. *State,* 138 *Ga.* 818 (2) (76 S. E. 369), the Supreme Court said: " No request was made by counsel for additional time before beginning his argument, as required by rule 5 of the superior court. *Held,* that such refusal was not in violation of art. 1, sec. 1, par. 4, of the constitution of this State, which declares that ' No person shall be deprived of the right to prosecute or defend his cause, in any of the courts of this State, in person, by attorney, or both.' "

7. " Where a series of propositions are presented en bloc in a single request to charge, the court is not required to give them or any part of them, if any one of them is erroneous or inapplicable to the case on trial." *Western Union Tel. Co.* v. *Owens,* 23 *Ga. App.* 169 (5) (98 S. E. 116). " By one written request, counsel for plaintiff in error sought to have the court give in charge to the jury five different propositions of law. Some of these propositions were possibly meritorious; others of them certainly were not. By one assignment of error, exception is taken to the refusal of the court to charge all five propositions. Under the ruling of this court in the case of *Grace* v. *McKinney,* 112 *Ga.* 425 (1), the judge was authorized to refuse to comply with the request as made, and the judgment will not on that account be disturbed." *Thompson* v. *O'Connor,* 115 *Ga.* 123 (5) (41 S. E. 242). See also *Shippey* v. *Owens,* 17 *Ga. App.* 127 (3), 131 (3) (86 S. E. 407). The rulings announced in the foregoing cases are controlling as to this ground of the motion. Some of the propositions in the request to charge were correct and were covered by the charge as given, while others were incorrect statements or not adjusted to the facts. " The court is not required to separate the wheat from the chaff." " Clearly this was, under the ruling cited, an en bloc request; and one, if not

more, being erroneous, the court did not err in declining to comply with the request as preferred."

8. The 12th ground is too indefinite and general to require consideration. However, the judge of the court did cover the issues referred to in this ground of the motion for a new trial.

9. No error of law appears; the court fully and fairly submitted the law applicable to the issues; there is evidence to support the verdict, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*