20662. EVERETT *v.* CULBERSON.

HAWKINS, Justice. On May 21, 1958, Earl Everett filed his petition in Floyd Superior Court, against J. T. Culberson, alleging: that the defendant is a resident of said State and county; that the plaintiff is the owner and claims title to all that tract or parcel of land lying and being in Land Lot 25, of the 23rd District and 3rd Section of Floyd County, Geor-

gia, "Commencing at a point on the easterly side of Calhoun Road a distance of 9 feet northerly from an iron stob located directly opposite to the intersection of Calhoun Road with the new road leading to Shannon, Georgia; thence northerly along the easterly side of Calhoun Road 100 feet; thence extending back in an easterly direction, same width as front, 210 feet; bounded on the south by an 18 foot alley separating the above described property from Allread's property; being a part of the property conveyed by Lester L. Allread to J. W. Woods by warranty deed dated September 19, 1925, recorded in Deed Book 124, Page 42, Floyd County Records"; a copy of a deed dated June 13, 1953, from Wofford Oil Company of Georgia to Earl Everett being attached to and made a part of the petition, by virtue of which plaintiff claims title. The petition further alleges that defendant is in possession of a portion of the above described tract of land, as follows: "Beginning at a point on the easterly side of Calhoun Road, a distance of 109 feet northerly from an iron stob located directly opposite to the intersection of Calhoun Road with the new road leading to Shannon, Georgia; thence extending back in an easterly direction, South 64 degrees 45 minutes East, for a distance of 210 feet to an iron pin; thence South 25 degrees 15 minutes West for a distance of 18 feet to a point; thence westerly and along a fence built and erected by J. T. Culberson to a point where said fence ceases to run in an easterly-westerly direction; thence projecting said fence line, continuing westerly to where the projected line would strike the easterly side of Calhoun Road to a point; thence North 25 degrees 15 minutes East along the easterly side of Calhoun Road to the point of beginning"; there being attached to and made a part of the petition a plat prepared by Williams & Sweitzer, Registered Engineers, dated February 6, 1958, showing the property first described above, with an inset illustrating the latter description. It is also alleged that, situated on the disputed strip of land, are: (1) part of a barn, same encroaching on plaintiff's property on the easterly side 15.5 feet, and on the westerly side 13.7 feet; (2) a pump house encroaching on the easterly side 5.9 feet and on the westerly side 5.5 feet; and (3) a fence erected by defendant on or about November, 1957, which forms a portion of the southerly boundary of the disputed tract; and that defendant has received the entire profits and use of said buildings and

land since June 13, 1953, the date on which plaintiff purchased his property from Wofford Oil Company of Georgia, the yearly value being $120, or a total of $590 to the date of filing of this suit; that defendant refuses to deliver to plaintiff the possession of said land or to pay him the yearly profits thereof; that, commencing on or about November, 1957, and continuing through the present date, defendant J. T. Culberson did wilfully trespass upon plaintiff's property, as described, cut, and carry away certain trees and shrubbery, as described in the petition as amended, to the value of $500; that defendant has wilfully and continuously trespassed upon said lands by placing a fence thereon, refusing to move the same, and by refusing to move the pump house and barn from plaintiff's land. The prayers were for process; for writ of possession of the disputed strip of land; for $590 as profits of the land; $500, the value of trees and shrubbery cut; and $1,000 as punitive damages for wilful trespass.

The defendant filed an answer, admitting jurisdiction, but, for the want of sufficient information, neither admitting nor denying plaintiff's ownership of the land described in the deed from Wofford Oil Company to the plaintiff; denied the allegations with respect to his being in possession of a portion of the plaintiff's land; admitted being in possession of certain land, the lines of which were clearly defined by a fence dividing the land of defendant and the land claimed by plaintiff, and that defendant and his predecessors in title had been in possession of same, holding same under color of title, for more than seven years; denied the allegations with regard to the alleged encroachment of the barn, well house, and fence, alleging that said barn had been built for approximately 15 years, and that same had always been used by defendant and his predecessors in title, having been in their possession under color of title for more than seven years. Defendant further denied that the yearly profits of the property in dispute were as alleged by plaintiff, but admitted that he refused to deliver to plaintiff possession of said land or to pay him the profits thereof. The allegations relating to trespass were denied, it being alleged for further answer that a fence divided the land of defendant and that claimed by plaintiff, which had been recognized by the parties and their predecessors in title as the dividing line between their lands, defendant being in posses-

sion of the land up to said fence for more than seven years, claiming under color of title.

The case came on for trial, and, on May 14, 1959, the jury returned a verdict for the defendant, which was made the judgment of the court. The plaintiff filed a motion for judgment notwithstanding the verdict in accordance with his motion for a directed verdict, and a motion for new trial on the general grounds, which was amended by adding nine special grounds, complaining of the admission, over objection, of certain documentary evidence, the refusal to strike all testimony on behalf of the defendant regarding adverse possession under color of title, and complaining of charges to the jury, and that plaintiff did not have two fair and impartial panels of jurors, constituting twenty-four men to strike from in obtaining twelve fair and impartial jurors to try the case, because a sister of one of the jurors married the brother of the defendant's wife. Both the motion for a judgment notwithstanding the verdict and the motion for a new trial as amended were denied, and error is assigned on the denial of these motions. *Held:*

1. We have carefully examined the evidence in this case, consisting of well over one hundred pages, and find there is some evidence to support the verdict of the jury, which has the approval of the trial judge. Therefore, it was not error to overrule the general grounds of the motion for a new trial, or to deny the motion for a judgment notwithstanding the verdict.

2. "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title." Code § 33-101. Since the plaintiff shows by his petition and the plat attached thereto that the property which lies north of his property is that of the defendant; that a frame house is located thereon immediately north of the line he contends is the dividing line between his property and the property of the defendant, and alleges that the defendant's barn and pump house encroach on his land, which lies south of the defendant's land, and which land the plaintiff acquired by deed from Wofford Oil Company of Georgia, June 13, 1953, there is no merit in his contention, in special grounds 1, 2, and 3 of the motion for a new trial, that the trial judge erred in admitting in evidence the defendant's Exhibits 8, 9, and 10, which were

three deeds, recorded February 7, 1930, February 5, 1936, and January 10, 1944, under which the defendant claims title to his property, each of which purports to be a link in his chain of title, the latter being a deed to the defendant, and each reciting that the property conveyed is located in Land Lot 25, of the 23rd District and 3rd Section, Floyd County, Georgia, "running north fifty feet along the Calhoun Road and thence running east even width two hundred ten feet, on which is located a five room dwelling joining the Woco Pep's property on the north," over objection that each deed was void for lack of a specific description, in that a proper beginning point was not shown, because the beginning point is shown to be one hundred feet "west," instead of "north" or "northeast," from the middle of an alley. While these deeds inaccurately referred to the starting point of the description, the remaining terms of the deeds, describing the property as being located in Land Lot 25, of the 23rd District and 3rd Section, Floyd County, Georgia, "running north fifty feet along the Calhoun Road and thence running east even width two hundred ten feet, on which is located a five room dwelling joining the Woco Pep's [Wofford Oil Company] property on the north," and as being the same property conveyed by a named grantor to a named grantee in a certain deed recorded in described deed records of that county, were sufficiently certain to show the intention of the grantor as to what property was conveyed, and to make its identification practicable. *Andrews* v. *Murphy*, 12 *Ga.* 431, 433. The defendant testified that his immediate predecessor in title pointed out the property which he was conveying by the deed recorded in 1944, and that he, the defendant, in 1945, moved in the dwelling house, which is located on a lot 50 by 210 feet, east of the Calhoun Road, and north of the plaintiff's property, which was formerly owned by Wofford Oil Company, also known and referred to as "Woco Pep."

3. We having held in the preceding division of this opinion that, under the circumstances of this case, the trial judge did not err in admitting in evidence the defendant's deed, it was not error, as contended in special ground 4 of the motion for a new trial, for the court to refuse to strike all testimony on behalf of the defendant regarding adverse possession.

4. Special ground 5 complains that the court erred in charging

the jury: "Actual possession of land is evidenced by enclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another. Actual adverse possession of land for twenty years by itself shall give good title by prescription, and against every one except the State or persons laboring under disability." It is contended that this charge was error because it was not based on any evidence submitted in this case. We do not agree with this contention. A careful examination of the record reveals some evidence to the effect that the defendant and his predecessors, since 1928, have been claiming ownership of a dwelling house and lot 50 by 210 feet, in Shannon, Georgia, located on the east side of Calhoun Road, just north of Woco Pep property, in Land Lot 25 of the 23rd District and 3rd Section of Floyd County; that they themselves and their tenants have occupied the dwelling house, cultivated a garden, made some improvements on the property, such as digging a well or wells thereon, erecting a barn and fence, so notorious as to attract the attention of adverse claimants, and so exclusive as to prevent actual occupation by another. Therefore, the trial judge did not err in overruling this ground of the motion for a new trial.

5. In special ground 6 it is contended that the court erred in charging the jury: "Adverse possession of lands under written evidence of title for seven years shall give a like title by prescription. Gentlemen, general reputation in the neighborhood shall be evidence as to ancient landmarks of more than thirty years standing, and acquiescence for seven years by acts or declarations by the adjoining landowners shall establish a dividing line. On a trial, when a dividing line is in issue and it is claimed that such dividing line is established by acquiescence for a period of more than seven years, the question is whether or not there was acquiescence by both parties in a dividing line for the required period of time. It is not necessary that the acquiescence be manifest by a conventional agreement. Should you find that the defendant has been in open, notorious, adverse and peaceable possession of the lands involved in this lawsuit for more than seven years, then I charge you that it will be your duty to find in favor of the defendant. If you should find that the parties or their

predecessors in title acquiesced in the line as contended for by the defendant for seven years, then I charge you that it would be your duty to find in favor of the defendant," for the following reasons:

(a) That it was contrary to law, in that it was incomplete and did not state that possession of land under color of title, sufficient to meet the requirements of law in order to furnish a basis for prescription, must be continuous for the statutory period. There is no merit in this contention, since the trial judge had previously instructed the jury: "Title by prescription is the right to property, which a possessor acquires by reason of continuance of his possession for a period of time fixed by law. Possession to be the foundation of prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Permissive possession cannot be the foundation of prescription until an adverse claim and actual notice to the other party."

(b) Because it was confusing and misleading to the jury, in that it tended to make the jury believe that defendant's Exhibits 8, 9, and 10 were valid descriptions of the property, and that they would be authorized to find that, if the evidence showed that the defendant had lived on this property and had been in possession of same for a period of seven years, he would have good title, when the evidence showed that the defendant was a tenant of Wofford Oil Company, on the adjacent property, from 1945 to 1953, and there could not have been, under the evidence, any charge required of the court as to seven years' adverse possession, since the period from 1953 up until the date of the filing of this suit in 1958 would have been only five years, it being contended, in this ground of the motion for new trial, that "A tenant can not acquire adverse possession under color of title nor under a claim of right nor any other source while he is a tenant of another person," and Wofford Oil Company being a predecessor in title to the plaintiff in this case, "there could have been no adverse possession begun, under the evidence, until 1953." The charge here complained of is a combination of Code §§ 85-407 and 85-1602, along with an application of the rules of law as therein set forth. The exception appears to be based on the

contention that there was no evidence to support the charge. We have heretofore referred to the description in the deeds, and held that the same were properly admitted in evidence. We know of no rule of law, and none has been cited, to support the statement that, because the defendant was tenant for a period of time of Wofford Oil Company, on adjacent property, he could not set up adverse possession of property which he claimed under a deed and which was separated from the Wofford Oil Company property by a fence, the existence of this fence being known by the company and by the plaintiff in this action. There is also evidence that the defendant, in 1945, built a barn, a portion of which is on the property in dispute, and no evidence of any protest by Wofford Oil Company. Therefore, this ground is without merit.

6. Special ground 7 complains that the court erred in failing to charge the jury as to punitive damages for wilful trespass, as embodied in Code § 105-2002. "Where there is no evidence of aggravating circumstances in the act or intention, or of gross negligence, this section of the Code ought not to be given in charge." *Western & Atlantic Railroad* v. *Turner*, 72 *Ga.* 292, 296 (53 Am. Rep. 842). The jury having found that the defendant was not guilty of trespass, which verdict is supported by some evidence, it was not error for the court to overrule this special ground. *Georgia R. & Bkg. Co.* v. *Gardner*, 115 *Ga.* 954 (42 S. E. 250). See also *Southern Ry. Co.* v. *Bankston*, 131 *Ga.* 604 (62 S. E. 1027).

7. Special ground 8 recites: "The plaintiff excepted and now excepts to the court's charge as a whole on the basis that nowhere therein did the court charge the jury with regard to the law, that there can be no adverse possession whether under color of title, or acquiescence in a line, by an owner of adjacent property who is also tenant of an adjacent property owner during such term as the tenancy is in effect." If this is an exception to the charge as a whole, it is without merit, since "An exception to an entire charge is not good unless the whole charge is subject to such exception." *Callahan* v. *State*, 209 *Ga.* 211 (5) (71 S. E. 2d 86). If it was not the intention to attack the charge as a whole, but to state specifically that the court should have charged "that there can be no adverse possession whether under color of title, or acquiescence in a line, by an owner of adjacent property who is also tenant of

an adjacent property owner during such term as the tenancy is in effect," this is not a correct abstract principle of law. Certainly it is not the law that the lessor and lessee of property, who are the owners of adjacent properties, cannot acquiesce, or agree, to the dividing line between their properties. Accordingly, it was not error to overrule this ground of the motion for new trial.

8. Special ground 9 complains that the plaintiff did not have two fair and impartial panels of jurors, constituting twenty-four men, to strike from in obtaining twelve fair and impartial jurors to try this case, because a sister of one of the jurors married the brother of the defendant's wife, and this juror failed to answer in the affirmative when asked if he was related by blood or marriage to either of the parties to this action. "Marriage relates the husband to the wife's kindred, but does not relate any of his kindred to hers." *Burns* v. *State,* 89 *Ga.* 527 (1) (15 S. E. 748). See also *Edge* v. *Calhoun Nat. Bank,* 155 *Ga.* 821, 827 (3) (118 S. E. 359); *Davis* v. *State,* 204 *Ga.* 467 (2) (50 S. E. 2d 604); Code (Ann.) § 59-716. There is no merit in this ground of the motion for new trial. *City of Dalton* v. *Humphries,* 139 *Ga.* 556, 557 (6) (77 S. E. 790).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1959—DECIDED NOVEMBER 6, 1959.

*Covington, Kilpatrick & Storey,* for plaintiff in error.
*James Maddox,* contra.