### 41582.  COSTLEY v. LONG.

PANNELL, Judge.  1.  "There can be no doubt as to the right of a landowner to divert or change the course of a stream flowing through his land, provided he returns it to its original or natural channel before it reaches the land of the lower owner."  56 Am. Jur. 504, Waters, § 14.  See also 12 ALR 187; 36 LRA (NS) 1158; 41 LRA 743; LRA 1916F 1292.  "Accordingly, one who changes the course of a stream must do so in such manner as not to injure, or unduly interfere with the rights of, the adjoining proprietor, either above or below, or on the opposite side of the stream.  Thus, he must not, by changing the direction of the flow of the stream, so increase or diminish its velocity as to cause damage to the land of the adjoining proprietor, or impair his rightful use of the stream; nor can he make any change or diversion of the stream, although on his own land, which would cause the washing of mud and debris on the land of his neighbor, to the injury of the latter, and which would not have occurred had it not been for the change in the current of the stream."  56 Am. Jur. 505, Waters, § 14.

2. Where an adjoining lot owner to plaintiff changed, by ditching, the course of a stream which ran diagonally across such adjoining lot from front to rear and then across the rear of plaintiff's lot, so as to cause said stream to flow across the front of said adjoining lot, then to the rear thereof along and close to the dividing line between the lots, which caused erosion on the banks of the ditch on and into the plaintiff's lot and caused water to stand on the rear of plaintiff's lot, the plaintiff may recover for the diminution in market value caused by such erosion and flooding.  *Savannah & Ogeechee Canal Co. v. Bourquin,* 51 Ga. 378, 388; *Danielly v. Cheeves,* 94 Ga. 263, 264 (3) (21 SE 524); *Hodges v. Pine Product Co.,* 135 Ga. 134, 139 (68 SE 1107, 33 LRA (NS) 74, 21 AC 1052); *Central Ga. Power Co. v. Stubbs,* 141 Ga. 172, 184 (80 SE 636).

3. While evidence admitted over objection may have been sub-

ject to the objections made, yet, where the same evidence was admitted without objection, the error, if any, was harmless. *Hudson v. State*, 108 Ga. App. 192 (2) (132 SE2d 508, 100 ALR2d 1395); *Simmons v. State*, 34 Ga. App. 163 (128 SE 690); *Bullard v. Metropolitan Life Ins. Co.*, 31 Ga. App. 641 (6) (122 SE 75).

4. Where in such a case the only damages sought is the diminution in market value (other than punitive damages) there was no error in failing to give various charges to the jury relating to the method of finding other measures of damages as in cases such as *Jones v. Harris*, 169 Ga. 665 (6) (151 SE 343); *Gainesville Transfer Co. v. Chandler*, 47 Ga. App. 409 (170 SE 558); *Southern R. Co. v. Avery*, 94 Ga. App. 878, 881 (96 SE2d 653), where several elements of damage were involved.

5. Where the jury in finding general damages found exactly the amount sought by the petition as diminution in the market value of the property of plaintiff, which was the exact amount testified to as the diminution in market value by the witnesses, the charges complained of which may have permitted the jury to find damages other than market value, such as temporary damages to the land, if error, were harmless.

6. While the evidence shows that the defendant intentionally changed the course of the stream upon his land, the evidence was insufficient to show aggravating circumstances, either in the act or in the intention, so as to authorize punitive damages under *Code* § 105-2002. It was, therefore, error for the trial court to charge thereon. *Cheeves v. Danielly*, 74 Ga. 712, 718.

7. Where the court charges, "Now, both parties stated to you what their contentions were. Therefore, it will not be necessary for the court to further state to you what the contentions of the parties are," and, "Now, where you have the case under consideration, you have out with you the pleadings in the case, although they are not to be considered by you as evidence in the case; they are the mere contentions of the parties," and where it does not appear from the record that the contentions were not fully stated by the parties, it was not error, in the absence of a request, to charge further thereon. *Port Wentworth Terminal Corp. v. Leavitt*, 28 Ga. App. 82 (3) (110 SE 686); *Hutcheson v. Browning*, 34 Ga. App. 276 (129 SE 125); *Holloway v. Mayor &c. of Milledge-*

*ville,* 35 Ga. App. 87 (132 SE 106); *Brisendine v. Hunt,* 43 Ga. App. 115, 121 (158 SE 469).

*Judgment affirmed with direction that the item of punitive damages be deleted from the judgment, with costs against the defendant in error. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED OCTOBER 5, 1965—DECIDED NOVEMBER 29, 1965.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., Gary W. Hatch,* for plaintiff in error.

*Greer, Morris & Murray, Richard G. Greer,* contra.