52516. RAY JONES, INC. et al. v. COWAN et al.

WEBB, Judge.

Mrs. Cowan and the trustee of her deceased husband's estate sued for damages and injunctive relief alleging that in grading and developing an adjacent subdivision Ray Jones, Inc. had caused "vast amounts of dirt and silt to form large unsightly deposits in plaintiffs' lake." The jury returned a verdict in favor of plaintiffs for $9,000. Jones contends that a new trial should have been granted because the trial judge improperly instructed the jury as to punitive damages, and we agree.

The trial court charged upon plaintiffs' request [1] in the language of Code § 105-2002 that "In every tort there may be aggravating circumstances, either in the act or intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." It is well established, however, that "[w]here there is no evidence of aggravating circumstances in the act or intention, or of gross negligence, this section of the Code ought not to be given in charge." *Western & A. R. v. Turner,* 72 Ga. 292, 296 (53 AR 842) (1884); *Everett v. Culberson,* 215 Ga. 577, 584 (111 SE2d 367) (1959).

The transcript of evidence, including those pages

---

[1] A recharge was also given at the jury's request, at which time appellant excepted.

cited by appellees, reveals no aggravating circumstances which would authorize a charge on exemplary or punitive damages. On the contrary, it appears that appellant was concerned over any damage he may have caused and took measures to prevent erosion (by planting grass and setting out hay bales) even after he sold the property. Mrs. Cowan testified on direct examination that a lawyer for the trustee bank had contacted Jones and that "he was rectifying the damage somehow."

"To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903). "One who enters upon and injures another's land is not, though a trespasser, liable for punitive damages, when the acts causing the injury were done in good faith ... and there was nothing in the manner of doing such acts to indicate an intention to wantonly disregard the rights of the true owner." *Ga. R. &c. Co. v. Gardner,* 115 Ga. 954 (1) (42 SE 250) (1902).

Since there were no aggravating circumstances shown in act, intent or gross negligence, even though Jones may be responsible for actual damage to the lake, he is not liable for the additional exemplary damages under Code § 105-2002. *Cheeves v. Danielly,* 74 Ga. 712, 718 (3) (1885). Accord, *Costley v. Long,* 112 Ga. App. 758, 759 (6) (146 SE2d 153) (1965). It follows that the charge was erroneously given and a new trial must be granted.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

Argued September 13, 1976 — Decided September 22, 1976 — Rehearing denied October 7, 1976 — ▮▮▮▮▮▮▮

*Vaughn, Barksdale & Nation, A. R. Barksdale, Jeffery M. Starnes,* for appellants.
*Dick Wilson, Jr.,* for appellees.